IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 97-33 |
| ) | |
| DENNIS ROCKOT ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court are a motion for return of property and a supplement to that motion filed by Dennis Rockot ("petitioner"), the government's response and petitioner's reply. For the reasons set forth below, the motion will be granted in part and denied in part.

On February 25, 1997, a grand jury returned a six-count indictment against petitioner charging him with interstate transportation of a minor for illegal sexual activity (Count One); sexual exploitation of a minor (Counts Two and Three); interstate transportation of material depicting the sexual exploitation of a minor (Count Four); receipt of materials involving the sexual exploitation of a minor (Count Five); possession of material depicting the sexual exploitation of a minor (Count Six).

On June 16, 1997, petitioner appeared before this member of the court and pled guilty to Counts One, Two and Four pursuant

to a written plea agreement.[1] On October 21, 1997, petitioner was sentenced by this court to 188 months of imprisonment to be followed by 3 years of supervised release. Petitioner's conviction and sentence were affirmed by the Third Circuit Court of Appeals on October 21, 1998.

Petitioner has filed a motion pursuant to Fed.R.Cr.P. 41(g) seeking the return of any property retained by the government that was seized pursuant to a search warrant executed on January 23, 1997, as well as monetary damages in the amount of $14,065.00 for any property that the government has destroyed. The motion includes an inventory of items which petitioner alleges were seized during that search including VHS tapes, 8mm tapes, and various books and magazines, as well as a receipt dated May 23, 2003, for items returned by the postal inspector to petitioner's father.

In response, the government asserts that petitioner is not entitled to any monetary damages for any items no longer within the government's possession. In addition, the government opposes the return of four videotapes which it does retain in its possession because the tapes depict "child erotica"[2], _i.e._, materials that in and of themselves are not obscene and do not

---

[1] Under the terms of the plea, the other three counts were dismissed upon the government's motion.

[2] The government states that this material includes non-sexually explicit photographs (such as minors in undergarments in department store catalogs and advertising circulars), drawings, sketches, written descriptions/stories and/or journals.

AO 72
(Rev. 8/82)

depict minors in sexually explicit poses but which nevertheless should not be made accessible to a convicted pedophile such as petitioner.

Fed.R.Crim.P. 41(g) provides in pertinent part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Here, pursuant to Rule 41(g), petitioner seeks return of the four videotapes still in the government's possession and for monetary damages for the items which both parties concede were destroyed by the government.[3]

As an initial matter, petitioner's claim for monetary damages for items no longer in the government's possession must be dismissed, as the Third Circuit Court of Appeals unequivocally has ruled that monetary damages are not available in a civil action filed pursuant to Rule 41(g) upon the rationale that a rule of criminal procedure "that does not expressly provide for an award of monetary damages does not

---

[3] As there is no dispute that the items are no longer in the government's possession and were destroyed, no hearing is necessary to resolve petitioner's motion. See Peloro v. United States, 488 F.3d 163 (3d Cir. 2007)(a hearing is required only to determine a disputed issue of fact necessary to the resolution of the motion).

waive sovereign immunity." United States v. Bein, 214 F.3d 408, 413 (3d Cir. 2000). Rather, Rule 41(g), "provides for one specific remedy - the return of property." Id. at 415.

In seeking monetary damages, petitioner relies exclusively on Mora v. United States, 955 F.2d 156, 160 (2d Cir. 1992), in which the Second Circuit ruled that a district court does have equitable jurisdiction to award damages under Rule 41(g). However, the Third Circuit expressly rejected the Mora holding in Bein, 214 F.3d at 413 ("After careful analysis we reject the cases which allow an award of damages in a proceeding under Rule [41(g)]."). Accordingly, petitioner's reliance on Mora is misplaced because its reasoning has been rejected explicitly by the Third Circuit and it is not the law in this jurisdiction.[4]

As to the property that the government retains in its possession, it is well settled that "[p]roperty seized by the government as part of a criminal investigation 'must be returned

---

[4] Defendant's argument in his reply brief that the court should follow Mora to the extent it permits a court to liberally construe a Rule 41(g) motion as a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq., equally is unavailing. First, the Third Circuit has yet to rule on whether an FTCA claim is available in this circuit in cases involving the seizure of evidence in criminal matters. Bein, 214 F.3d at 415. Second, even if such a claim were available to defendant, and the court were inclined to construe defendant's motion as such a complaint, which it is not, any FTCA claim that defendant arguably may have would face at least two insurmountable procedural hurdles: (a) pursuant to 28 U.S.C. §2401(b), tort claims against the United States must be made within two years and defendant's motion in this case was filed more than six years after his criminal proceeding ended and over seven years after the property was seized; and (b) defendant has failed to comply with the exhaustion requirement of the FTCA set forth in 28 U.S.C. §2675(a).

once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004).

Here, the government does not allege that the four videotapes that it retains in its possession are either contraband or that they are subject to forfeiture. Indeed, the government acknowledges that the materials are "not in and of themselves obscene" nor do they depict minors in "sexually explicit poses or positions". Instead, the government merely asserts that the materials are of a type which a "convicted sex offender should not have access."

After the termination of criminal proceedings, the government bears a heavy burden of demonstrating a legitimate reason to retain property that had been seized for investigative or trial purposes. United States v. Chambers, 192 F.2d 374 (3d Cir. 1999). The court does not believe that the government has met that burden in this case. The government does not assert that the material it retains is illegal or that it could be characterized as "contraband." The government simply states that it does not believe petitioner should have access to it. Having no basis to retain the property, the government shall return it to petitioner's father.

An appropriate order will follow.

Dated: August 27, 2007

Gustave Diamond
United States District Judge

- 5 -

O R D E R

AND NOW, this 27th day of August, 2007, for the reasons set forth in the memorandum above, IT IS ORDERED that petitioner's motion for return of property (Document No. 60) and supplement to that motion (Document No. 65) be, and the same hereby are, **granted in part and denied in part**; and,

IT FURTHER IS ORDERED that the government shall return to petitioner's father all of the petitioner's property that the government retains in its possession forthwith; and,

IT FURTHER IS ORDERED that petitioner's claim for monetary damages be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Tina O. Miller
    Assistant U.S. Attorney

    Dennis Rockot