IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 97-33 |
| | ) | |
| DENNIS ROCKOT | ) | |

## MEMORANDUM OPINION

On February 25, 1997, a grand jury returned a six-count indictment against Dennis Rockot ("defendant") charging him with transportation of a minor for illegal sexual activity (Count One); sexual exploitation of a minor (Counts Two and Three); and, transportation, receipt and possession of material depicting the sexual exploitation of a minor (Counts Four, Five and Six, respectively). Defendant subsequently entered a guilty plea at Counts One, Two and Four.[1] On October 22, 1997, defendant was sentenced to a term of imprisonment of 188 months, consisting of 120 months at each of Counts One and Two, to be served concurrently, and 68 months at Count Four to be served consecutively, to be followed by a term of supervised release of 3 years at each count, all to be served concurrently.

While on supervised release it was directed that defendant shall not commit another federal, state or local crime and shall comply with the standard conditions of supervision adopted by the court as well as certain additional special conditions.[2] On September 17, 2010, defendant was released to supervision.

---

[1] Counts Three, Five and Six were dismissed upon government motion at the time of sentencing.

[2] On June 7, 2010, the terms of defendant's supervision were modified with defendant's consent to include the standard terms of supervision currently applicable to all sex offenders.

On June 9, 2011, the terms of defendant's supervised release were modified with defendant's consent to include a term of up to 18 months' home detention with electronic monitoring based upon defendant's admitted violations of the terms of his supervision to include unsupervised contact with a minor and unauthorized use of a computer. On November 14, 2012, the period of home detention was extended for 6 more months with defendant's consent after the results of his then most recent polygraph examination were inconclusive. On December 3, 2012, the terms of supervision were modified yet again with defendant's consent to prohibit defendant from computer/internet use after defendant admitted removing the computer monitoring software from his computer and viewing of adult pornographic images, which was prohibited by his treatment provider.

On August 15, 2013, the probation office filed the pending petition reporting that defendant was unsuccessfully discharged from sex offender treatment on July 22, 2013, due to his failure to be honest with the treatment provider and group members, in violation of the condition of supervision that he shall participate in a mental health treatment and/or sex offender treatment program approved by the probation officer, and further alleging that he removed the computer monitoring software from his computer in November 2012 and accessed child pornography, in violation of the conditions of his supervision that he shall not use a computer to access child pornography and that he shall abide by the provisions of the Computer Restriction and Monitoring Program. A supervised release violation hearing currently is set for October 30, 2013.

On September 24, 2013, defendant filed a motion for discovery (Doc. No. 92). The government has filed a response to the motion (Doc. No. 94) and defendant has filed a reply. (Doc. No. 95). For the following reasons, defendant's motion will be granted in part and denied in part.

2

Defendant's motion seeks a court order requiring production of the following items:

(1) any and all records concerning defendant's sex offender treatment, including, but not limited to all notes, evaluations, polygraph records, including but not limited to results, and any polygraph releases signed by defendant;

(2) any and all records concerning defendant's alleged conduct in disabling monitoring software from his home computer and items he allegedly viewed thereon, including but not limited to all probation officer chronological notes concerning this incident, including but not limited to notes regarding communications with defendant;

(3) any and all documents concerning defendant's seized computer, including any documents concerning any examination thereof; and,

(4) any and all documents, including probation chronological notes, concerning the obtaining of waivers of the right to counsel and hearing by defendant on June 3, 2010, November 14, 2013, and November 30, 2013.

The government indicates in its response that it does not oppose, and in fact joins in, defendant's request for all of the foregoing items with the exception of the probation officer's chronological notes. The government objects to the disclosure of those notes because they are confidential notes created solely for the purpose of assisting the probation officer in carrying out her supervisory duties and are not created to be used as evidence at a revocation proceeding.

Because proceedings to revoke supervised release may result in a "loss of liberty," they are subject to due process considerations. United States v. Taylor, 519 Fed.Appx. 85, 87 (3d Cir. 2013). The due process requirements for supervised release revocation proceedings have been incorporated into Rule 32.1 of the Federal Rules of Criminal Procedure, which provides that the defendant is entitled to: (1) written notice of the alleged violation; (2) disclosure of evidence against him; (3) an opportunity to appear, present evidence, and question any adverse witness, unless the court determines that the interest of justice does not require the witness to appear; (4)

3

notice of the right to counsel; and, (5) an opportunity to make a statement and present any evidence in mitigation. Fed. R. Crim. P. 32.1(b)(2);[3] see also Morrissey v. Brewer, 408 U.S. 471, 485)

To the extent defendant's motion requests a blanket production of the probation officer's chronological notes, it will be denied in part as overbroad. Although Fed. R. Crim. P. 32.1(b)(2)(B) provides that a defendant is entitled to "disclosure of the evidence against him" when facing revocation of supervised release, the Third Circuit Court of Appeals has noted that neither that rule nor case law can be read "to require automatic production of a probation officer's entire file, even where the officer is a witness." United States v. DeRewal, 66 F.3d 52, 56 (3d Cir. 1995). In United States v. Joline, 2009 WL 4795607 (M.D. Pa. 2009), the court relied on DeRewal to explicitly reject a request similar to the one defendant makes here for, *inter alia*, all "chronological notes" kept by the probation officer on his case.

Nor is defendant entitled to the disclosure of the chronological notes under Rule 26.2 of the Federal Rules of Criminal Procedure, which provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and relates to the subject matter of the witness's testimony.

Fed.R.Crim.P. 26.2(a).

Although defendant is correct that Rule 26.2 applies at a revocation proceeding under Rule 32.1(e), as the government aptly notes, the Rule only applies to statements in its possession, and

---

[3] In addition, Fed.R.Crim.P. 32.1(b)(1) requires a preliminary hearing to determine probable cause for an individual who is in custody for violating a condition of supervised release. Defendant is not in custody, he will be appearing before the court on a petition for show cause hearing.

4

the government does not have the probation officer's chronological notes as they are confidential records which were prepared by the probation officer for use in carrying out her duties as a member of the judiciary, not as an arm of the government or part of the prosecution. See United States v. Houston, 2009 WL 2488176 at *53 (E.D. Cal., Aug. 13, 2009); United States v. Washington, 146 F.3d 219, 223 (4th Cir. 1998 )("[A] probation officer ... [is a] neutral, information-gathering agent of the court, not an agent of the prosecution.")(citation omitted).

Accordingly, defendant's request for disclosure of the probation officer's chronological notes will be denied. However, to the extent defendant seeks evidence from probation that is relevant to the alleged violation and which the government intends to use against defendant at the show cause hearing, the motion will be granted, and that material shall be provided forthwith.

An appropriate order follows.

Gustave Diamond
United States District Judge

Dated: October 7, 2013

AO 72
(Rev. 8/82)